IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONTE DEMOND STONE,    Petitioner, | § § § | |
| v. | § § | No. 3:22-cv-00272-D (BT) |
| BRANDON BIRMINGHAM, et al,    Respondents. | § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The Court severed this habeas action from a *pro se* civil rights case filed by Leonte Demond Stone, a state prisoner in the Texas Department of Criminal Justice (TDCJ). *See Leonte Demond Stone v. Brandon Birmingham, et al.*, Case Number 3:20-cv-2494-D-BT (ECF No. 18) (N.D. Tex.). The Court advised Stone that if he wished to pursue this new habeas action, he must file an amended petition on the standard § 2254 form and a completed motion for leave to proceed *in forma pauperis* with a certificate of inmate trust account by April 4, 2022. (ECF No. 4.) Thereafter, Stone moved for additional time to file an amended petition, and the Court extended his deadline to July 25, 2022. (ECF Nos. 9, 10.) To date, Stone has not filed an amended petition on the standard § 2254 form or a motion for leave to proceed *in forma pauperis* with a certificate of inmate trust account. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, the Court advised Stone that if he intended to pursue this § 2254 action he must file an amended petition on the standard § 2254 form. The Court further advised him that he must also file a motion for leave to proceed *in forma pauperis* and a certificate of inmate trust account. The Court gave Stone until July 25, 2022, to complete these tasks. Stone has failed to comply with the Court's order to file an amended petition and a motion for leave to proceed *in forma pauperis*. The time for doing so has passed. This litigation cannot proceed without the additional information and materials from Stone. Stone has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Stone's petition without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed August 15, 2022.

                                      REBECCA RUTHERFORD
                                      UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).